# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-2039

BAXTER INTERNATIONAL, INCORPORATED,

*Plaintiff-Appellant,*

v.

ABBOTT LABORATORIES,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 01 C 4809 & 01 C 4839—**Ronald A. Guzmán**, *Judge.*

Petition for Rehearing and
Rehearing En Banc

DECIDED—APRIL 10, 2003

Before CUDAHY, POSNER, COFFEY, EASTERBROOK, RIPPLE, KANNE, DIANE P. WOOD, EVANS, and WILLIAMS, *Circuit Judges.*\*

Plaintiff-appellant filed a petition for rehearing and rehearing en banc on January 30, 2003. A vote of the active members of the court was requested, Circuit Judges Ripple, Diane P. Wood, and Williams voted to grant rehearing en banc, and a majority of the judges voted to deny rehearing en banc. A majority of the judges on the panel voted to deny rehearing. The petition for rehearing is therefore denied.

---

\* Chief Judge Flaum and Judges Manion and Rovner did not participate in consideration of this matter.

RIPPLE, *Circuit Judge*, with whom Diane P. Wood and Williams, *Circuit Judges*,. join, dissenting from the denial of rehearing en banc. It is my judgment that the scope of judicial review of arbitral decisions that, at least arguably, order the parties to violate the law is an important issue that deserves the attention of the full court. As the cases cited by the dissent demonstrate, the panel opinion's analysis is difficult to square with existing Supreme Court precedent and, indeed, with the precedent of this circuit and our sister circuits.

In the panel majority's view, "the initial question is whether Baxter is entitled to reargue an issue that was resolved by the arbitral tribunal." *Baxter Int'l, Inc. v. Abbott Labs.*, 315 F.3d 829, 831 (7th Cir. 2003). The panel majority takes the view that the resolution of the question is a clear-cut application of existing law. In its analysis, the panel majority first notes that *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985), held that antitrust issues can be arbitrated. It then invokes the general principle that a mistake in law is not a ground on which to set aside an award. Consequently, the majority concludes, there is no reason to disturb the arbitral award even if the arbitral panel erred in concluding that the parties' agreement did not violate the antitrust laws.

However, as the dissent notes, the majority opinion is anything but a straightforward application of circuit and Supreme Court precedent; indeed, the majority opinion significantly expands the Supreme Court's holding in *Mitsubishi*:

> Now, the majority has taken the process one giant step further and has found that *Mitsubishi* not only allows submission of statutory and antitrust claims to arbitration, but denies our prerogative to refuse to enforce awards that command unlawful conduct. . . .

*Id.* at 836.

Although the majority's opinion is subject to different interpretations, there is certainly strength in Baxter's submission that, as written, the panel's opinion holds that "[a]rbitrators have the unreviewable authority to decide for themselves whether they are commanding the parties to violate the law." Rehearing Pet. at 8. There is also ground for agreeing with Baxter that such a broad holding conflicts with any number of Supreme Court and circuit cases that establish that questions of public policy are ultimately reserved for the courts. *See, e.g., W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of America*, 461 U.S. 757 (1983). The Supreme Court has held that a court may refuse to enforce an arbitral award "where the contract as interpreted would violate some explicit public policy that is well defined and dominant"; this requirement is to be determined "by reference to the laws and legal precedents and not from general considerations of supposed public interests." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 43-44 (1987) (internal quotation marks and citations omitted). This requirement—reference to an explicit public policy grounded in law—certainly is met in the present case because the policy is contained in § 1 of the Sherman Act.

Arbitration is an ever-expanding means of resolving conflicts without incurring the increased expenditure of time and funds often associated with litigation. With due respect to parties' choice of decisionmakers and also to legislative policies favoring arbitration, the role of the courts to interpret and uphold the law should not be dismissed casually. The opinion of the panel majority clouds the authority of the court to review arbitration agreements of private parties that violate public policy—an authority repeatedly acknowledged by the Supreme Court. I would grant rehearing en banc.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—4-10-03